IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE G. SCHMIDT, et al.,

    Plaintiffs,                           CIV. NO. S-09-660 LKK GGH PS

    vs.

UNITED STATES OF AMERICA, et al.,      ORDER AND

    Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        This action, in which plaintiffs are proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). Presently before the court are three motions to dismiss which were taken under submission without a hearing on December 3, 2009, and without oppositions having been filed. On December 4, 2009, plaintiffs filed a motion to continue the hearing to January 28, 2010, indicating that they now had counsel to represent them. The motion was signed and filed by plaintiffs only without a notice of substitution filed by counsel pursuant to E. D. Local Rule 182.

        On December 11, 2009, plaintiffs were directed to file a notice of substitution *and* oppositions to the three pending motions by December 18, 2009, if they intended to proceed with counsel. Plaintiffs filed oppositions to the motions to dismiss on December 18th, but did not file any substitution of counsel, and still have not done so. The motion to dismiss, filed by defendants Warfield, Crawford, Murphy and Atwood ("Receiver Defendants"), on July 13, 2009, will be addressed by these findings and recommendations. The motions by the other defendants

1

will be addressed in a separate opinion. Also before the court is plaintiffs' motion to strike the motion to dismiss, filed September 16, 2009.

Upon review of the motion, the documents in support, and the oppositions, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS.

BACKGROUND

Plaintiffs are Lonnie Schmidt and his family members who allege that defendants conspired against them to maliciously prosecute six of the nine plaintiffs by misusing and abusing the legal process, and falsely arrested and imprisoned them. Other allegations include assault, battery and kidnaping of Lonnie Schmidt, denial of Lonnie Schmidt's trial rights, including denial of counsel, denial of speedy trial, false imprisonment and interference with his civil rights. Also alleged is unlawful seizure of personal and business property belonging to Lonnie and Connie Schmidt. Plaintiffs Daniel and Rebecca Schmidt claim unlawful search and seizure of real, personal and business property. Plaintiffs Donald and Deborah Manzer claim wrongful slander of title, abuse of process, malicious prosecution and extortion. (Compl. at ¶ 2.)

These claims arise out of another litigation by the Securities and Exchange Commission in the Northern District of Texas against non-parties James and David Edwards for securities fraud. (Def.'s Mot. at 5, dkt. #10.) These defendants were convicted, and defendant Warfield was appointed Receiver by defendant Judge Buchmeyer[1], who entered the "Receivership Order" on March 25, 2002. (Id., Ex. 2, dkt. #10.) Actions taken pursuant to this Order are denominated as being taken by the "Receivership Court."

Defendants Crawford, Murphy and Atwood were hired as Warfield's staff. They traced $282,405 in stolen investor funds to Lonnie Schmidt. (Id.) Schmidt was ordered before the Receivership Court and ordered to turn over the funds or testify as to their disposition. He refused, was held in contempt, and remained a fugitive for two and a half years. Even after his

---

[1] Defendants have filed a notice of death of this defendant. (Dkt. # 25.)

apprehension, he appealed the contempt order and refused to provide deposition testimony regarding these assets. Lonnie Schmidt filed numerous filings in the Receivership Court, causing the court to direct the Receiver not to respond until ordered to do so by the court.

Lonnie's son, Daniel, also a plaintiff in this action, was found to be a signatory with his father on the account receiving the stolen funds. He was found in contempt and ordered to appear, but remains a fugitive at this time. The Receiver now traced a total of $727,405 to Lonnie and Daniel Schmidt and obtained final judgments for this amount. Without evidence that the Schmidts were no longer in possession of these funds, the Receivership Court placed the Schmidts' assets in control of the Receiver. The Receivership Order permitted the Receiver to take control of Receivership assets, records, property, and to remove persons who interfere with the Receiver from the property, and to secure property and other assets. (Def.s' Mot., Ex. 3, dkt. #10.) The order also prohibited Lonnie Schmidt and his family from filing other actions involving the Receivership matter. Specifically, the court ruled:

> All persons, including Lonnie Schmidt, Daniel Schmidt, and their agents, employees, attorneys, *family members*, and all persons in active concert of participation with them, *who receive actual notice of this Order* by personal service or otherwise, *are enjoined from* in any way interfering with the operation of this Receivership or in any way disturbing the Receivership Assets and from *filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets*, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets shall be filed in this Court.

(Defs.' Mot., dkt. #10, Ex. 3 at ¶ 4.) (Emphasis added.)

Despite that order, Lonnie Schmidt has filed numerous lawsuits concerning the matters raised in the Receivership Court proceedings, including three appeals to the Fifth Circuit, and another complaint in this court. See Schmidt v. Buchmeyer, Civ.S.03-1902 MCE PAN.

\\\\\

\\\\\

DISCUSSION

I. Plaintiffs' Ex parte Motion to Continue Hearing

Plaintiffs' December 4, 2009 request to continue the hearing was filed after the hearing was vacated. Plaintiffs stated that they had an attorney to represent them and that he would be available for hearing on January 28, 2010. No attorney filed a motion for substitution for plaintiffs in this case. Therefore, plaintiffs' request will be denied.

II. Plaintiffs' Motion to Strike Motion to Dismiss

Plaintiffs' motion to strike states only that the motion to dismiss impermissibly relies on materials outside the pleadings, is a "substantive and procedural nullity," and is frivolous on its face. Plaintiffs are informed that a court may take judicial notice of court records in adjudicating a motion to dismiss. See below.

Plaintiffs' motion to strike should be denied.

III. Receivers Defendants' Motion to Dismiss

A. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

B. Analysis

The Receiver Defendants allege that this action violates the provisions of the Receivership Order in the Texas action, is barred by res judicata, and that defendants have judicial immunity.

\\\\\

\\\\\

### 1. Effect of Receivership Order and Prior Action

Defendants claim that this action should be dismissed as violative of the injunctive provisions of the Schmidt Receivership Order. Because there is no evidence that seven of the nine plaintiffs had actual notice of that order, dismissal would not be appropriate on this basis.

### 2. Judicial Immunity

The Receiver Defendants are alleged to be officers of the court. Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-559, 87 S. Ct. 1213 (1967). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099 (1978).

Court appointed receivers and their staff may be absolutely immune from suit because they perform a statutory duty that is derivative of a judge's duties. New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989). Failure to allege the absence of judicial immunity requires dismissal. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Immunity is appropriate when the receiver is being sued for acts which are integral to the performance of court ordered duties. New Alaska Development Corp., supra; Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1386-87, 1390 (9th Cir. 1987) (bankruptcy trustee in nearly identical position). However, a receiver is not immune from suit in carrying out business decisions with respect to the property seized. As stated in Medical Devel. Intern. v. CRCR, 585 F.3d 1211, 1220-1221 (9th Cir. 2009): "A receivership does not create a liability-free zone for the business or organization that is the subject of the receivership." Thus, if the receiver enters into contracts on behalf of the seized entity, or commits a tort in management of the property, e.g. receiver of train corporation whose train runs over a person, the receiver is not immune from suit for breaches of such contracts or for personal injury tort suits. However,

immunity is appropriate in a case where plaintiffs "[are] effectively challenging the appointment itself and the receiver's authority to act generally." Id. at 1222.

The complaint alleges that the Receiver Defendants were officers of the United States District Court for the Northern District of Texas and that they acted "under color of that capacity" in violating plaintiffs' rights. (Compl. at ¶ 4(f), (i),(j), (k).) All of the actions alleged against these defendants arose from the orders of the Receivership Court, including taking Lonnie Schmidt into custody and the act of his incarceration, the search for Daniel Schmidt, the search and seizure of plaintiffs' property, and the resulting sale of these assets. (Defs.' Mot., Exs. 2, 3.)

Here there is no doubt from the complaint that plaintiffs are contesting the initial seizure of assets and other acts integral to the court order setting up and effectuating the receivership. The undersigned exhaustively reviewed the complaint. Nothing therein could legitimately be claimed to originate from the receiver's management of the seized assets as opposed to taking actions to acquire the assets in the first place. Plaintiffs concede that these defendants were acting in their quasi-judicial capacities.[2] Therefore, these defendants must be dismissed.[3] Therefore, no doubt exists that quasi-judicial "absolute" immunity is appropriate.

CONCLUSION

IT IS ORDERED that: Plaintiffs' ex parte motion to continue hearing on the motions to dismiss, (dkt. #30), is denied.

For the reasons stated herein, IT IS RECOMMENDED that:

1. The motion to dismiss filed by defendants Warfield, Crawford, Murphy and Atwood on July 13, 2009 (dkt. # 10), be granted and these defendants be dismissed with prejudice.

---

[2] Plaintiffs' opposition to the motion contains no argument. (Dkt. #32.)

[3] As absolute derivative quasi-judicial immunity prevents the action from proceeding against the Receivership Defendants, the remaining grounds for dismissal need not be addressed.

7

|   |   |
|---|---|
| 1 |       2. Plaintiffs' motion to strike, filed September 16, 2009 (dkt. # 23), be denied. |
| 2 |       These findings and recommendations are submitted to the United States District |
| 3 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within |
| 4 | **seven (7)** days after being served with these findings and recommendations, any party may file |
| 5 | written objections with the court and serve a copy on all parties.  Such a document should be |
| 6 | captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the |
| 7 | objections shall be served and filed within **seven (7)** days after service of the objections.  The |
| 8 | parties are advised that failure to file objections within the specified time may waive the right to |
| 9 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 10 | DATED: 03/16/2010 |
| 11 |       /s/ Gregory G. Hollows |
| 12 |       GREGORY G. HOLLOWS<br>      U. S. MAGISTRATE JUDGE |
| 13 | GGH:076/Schmidt0660.mtd.wpd |