IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE G. SCHMIDT, et al.,

       Plaintiff,                    CIV-S-09-0660 LKK GGH PS

   vs.

UNITED STATES OF AMERICA, et al.,

       Defendants.            ORDER

_____/

       On March 16, 2010, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. Plaintiffs filed objections on March 26, 2010.

       This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are

\\\\\

reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

Plaintiffs object to various factual determinations as well as to the conclusions of law. Beginning with the factual contentions, the court accepts plaintiffs' first objection, plaintiffs' fourth objection (in part), and plaintiffs' fifth objection. First, plaintiffs are correct that the record indicates that at the time the defendant Warfield was appointed as receiver by the Northern District of Texas, (March 25, 2002), non-parties James and David Edwards had not yet been convicted. Second, plaintiffs contend that Daniel Schmidt was not a signatory to the account that received the stolen funds. The Texas court held that Daniel Schmidt owned or controlled the business that plaintiffs now contends was a signatory. This objection also contends that the magistrate judge wrongly characterized Daniel Schmidt as being a fugitive in light of his violation of the Texas court's contempt order. While plaintiffs are correct that the Texas court ultimately vacated its prior order holding Daniel Schmidt to be in contempt, this does not demonstrate that Daniel Schmidt was not previously in contempt and a fugitive, although it does indicate that he is not a fugitive at this time. See Securities and Exchange Comm'n v. Resource Development Int'l., et al., No. 3:02-cv-605, Dkt. No. 1747 (N.D. Tex. Sept. 10, 2009). Third, while the magistrate judge held that plaintiff Lonnie Schmidt has violated a court order by filing subsequent lawsuits, plaintiffs observe that the referenced lawsuits were either filed prior to that order or appeals in previously filed cases. Thus, the magistrate judge's finding that Lonnie Schmidt had "filed numerous lawsuits" despite the order was incorrect. The court notes, however, that the order at issue enjoined Lonnie Schmidt from "filing *or prosecuting* any actions or proceedings which involve the Receiver or Receivership Assets." Defs.' Mot., Dkt. No. 10, Ex. 3, ¶ 4 (emphasis added).

These factual changes do not undermine the magistrate judge's analysis. The magistrate judge held that the defendants at issue in the present motion--the court-appointed Receiver and his staff--were entitled to judicial immunity as to the claims against them.

2

Plaintiffs argue that these defendants' judicial immunity is derivative of the judicial immunity of the appointing judge, and that the judge was not immune because he acted out of personal motivations or in the clear absence of jurisdiction. Plaintiffs have not supported the former theory. As to the latter, plaintiffs contend that Lonnie Schmidt "was named as a defendant in civil case no. 3:04-cv-0633 in 2004 and absent service of process, as reflected on the court's civil docket by absence of execution of return . . . ." The court takes judicial notice of the docket in Warfield v. Carnie, et al., No. Civ. 3:04-cv-0633 (N.D. Tex.), and in particular the summons returned executed as to Lonnie Schmidt filed Oct. 20, 2004 (Dkt. No. 49). The docket in the master case of SEC v. Resource Development Int'l further indicates that service was effectuated upon Lonnie Schmidt and that Lonnie Schmidt appeared in that case for purposes other than to dispute personal jurisdiction and made numerous filings. See, e.g., Dkt. Nos. 175, 183, 266. Daniel Schmidt similarly appeared in the master case. See, e.g., Dkt. No. 800. Without delving into the records in these other cases further, it is plain that this is not a case involving a "clear absence of jurisdiction." See, e.g., Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).[1] Thus, the magistrate judge properly found that defendants Warfield, Crawford, Murphy and Atwood are entitled to judicial immunity. For the reasons further stated by the magistrate judge, these defendants are dismissed with prejudice.

---

[1] Schucker explained the high bar faced by plaintiffs seeking to pierce judicial immunity:

> Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. [¶] At most, [plaintiff] alleges that [defendant] misinterpreted a statute and erroneously exercised jurisdiction and thereby acted in excess of his jurisdiction. Even assuming [defendant's] assumption of jurisdiction was in excess of his jurisdiction, the act was not done in the clear absence of jurisdiction. Accordingly, the district court correctly dismissed [plaintiff's] claim . . . .

Schucker, 846 F.2d at 1204 (internal citations and quotations omitted).

1  The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Findings and Recommendations in full. Accordingly, IT IS ORDERED that:

1. As to the specific factual issues discussed above, the court declines to adopt the findings and recommendations filed on March 16, 2010;

2. The remaining factual findings, and all legal analysis, contained in the March 16, 2010 findings and recommendations are adopted;

3. The motion to dismiss filed by defendants Warfield, Crawford, Murphy and Atwood on July 13, 2009 (docket #10), is granted and these defendants are dismissed with prejudice; and

4. Plaintiffs' motion to strike, filed September 16, 2009 (docket #23) is denied.

DATED: July 28, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT