IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE G. SCHMIDT, et al.,

        Plaintiffs,                             CIV. NO. S-09-660 LKK GGH PS

    vs.

UNITED STATES OF AMERICA, et al.,

        Defendant.                             ORDER

_____/

        On May 20, 2011, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Objections were filed on June 6, 2011, and they were considered by the district judge.

        This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.

1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Findings and Recommendations in full. Accordingly, IT IS ORDERED that:

1. The motion to strike or dismiss, filed September 13, 2010, by Federal Defendants United States, Ashton, Amador, Fonda, Ely and Norris, (dkt. #53), is granted in part and denied in part as set forth below.

2. Claims VI, VII (California constitutional claims only), VIII (California constitutional claims only), Claim IX (California constitutional claims only), Claim X, Claim XI (California constitutional claims only), Claim XII (Texas constitutional claims only), Claims XIII, XIV, XV, XVI, XVII, XVIII, XIX, XXI, the state law claims (including claims base on state constitutions) pending against defendants Amador and Ashton are dismissed as being subject only to the FTCA;

3. Claim I, the FTCA claim is dismissed and permitted as follows:

   a. No FTCA claims exist for any plaintiffs for Texas activities that pre-date the California events, July 7, 2005 as no administrative claim was filed for the Texas events;

   b. Jordyn Manzer's FTCA claim is dismissed as she never filed an FTCA claim, nor was one filed on her behalf;

   c. any FTCA claim that Lonnie Schmidt might have had with respect to his arrest on July 7, 2005 is dismissed as the administrative claim was not timely filed;

   d. all FTCA claims of Connie Schmidt, Rebecca Schmidt and Daniel Schmidt are dismissed as the complaint was not timely filed vis-a-vis these plaintiffs;

   e. the California events claims of Don and Deborah Manzer, Eddie and Donna Maria are permitted to continue, as would any claim maintained by Lonnie Schmidt which postdates July 10, 2005.

////

1          4. Claims II, IV, VII, VIII, IX, XI, XII, Jordyn Manzer's federal constitutional claims, are dismissed against defendants Amador and Ashton for failure to state a claim; these claims are entirely dismissed at this time;

2          5. Claim XX, the RICO Claim as to all defendants, is dismissed as failing to state a claim;

3          6. Claim III, the 42 U.S.C. § 1983 claim, is permitted to continue against the newly identified state defendants, and service shall be completed within 30 days.[1]

           Accordingly, only parts of Claim I as addressed above, and Claim III may go forward.

           7. The Complaint and the Jordyn Manzer Amended Complaint are consolidated and will proceed only as outlined above.

           8. The United States is ordered to answer that part of Claim I remaining.

DATED: September 29, 2011.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] These claims may well be barred by the statute of limitations, but as such is an affirmative defense, plaintiffs should be permitted to go forward.